UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DONALD WHITE, I )
 )
    Plaintiff, )
 )
v. ) 2:11-cv-00374-NT
 )
CORRECTIONAL MEDICAL SERVICES, et al., )
 )
    Defendants )

**RECOMMENDED DECISION AFTER SCREENING OF PRISONER CIVIL RIGHTS COMPLAINT**

Donald White is an inmate at the Maine State Prison currently serving a sentence after being convicted of robbery and kidnapping. White was transferred from the Maine Correctional Center (MCC) to the Maine State Prison (MSP) on September 21, 2011. White seeks prospective relief and money damages. He claims that he has been provided constitutionally inadequate medical care at MCC and this trend has continued since his transfer to MSP. The individual defendants named in this suit are all associated with White's period of incarceration at MCC: Kenneth Topel, Doctor Shubert, Jim Howard, Brian Libby, and Scott Burnheimer. White also names Correctional Medical Services as a defendant and arguably it has a presence at the MSP but it was not White's original intent to sue this entity for conduct at the MSP.

*28 U.S.C. § 1915A(a) and (b) Screening*

Sections 1915A(a) and (b) of title 28 provide:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

>**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>**(2)** seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a),(b). <u>See</u> also 42 U.S.C.A. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.").

**Complaint Allegations**

White alleges that Correctional Medical Services (CMS) staff have not provided adequate medical care for his needs; CMS staff has minimized his medical needs by failing to provide referral to a specialist and obtain a current MRI of his spine; CMS staff recommendations and treatment is inadequate based on an over four-year-old image that in no way can display an accurate presentation/portrait of the present state of White's back and spine; CMS staff Dr. Shubert referred to cost of images and procedures in treatment of White's injuries, referring to Maine's financial status; Kenneth Topel, the Health Systems Administrator from 2010-2011, made an incomplete statement to Captain Brian Libby regarding White's course of treatment prior to February 25, 2010; Topel treated White unethically and with stereotypical bias in response to White's seeking timely, effective, and proper care and treatment; White endures pain on a daily basis and has yet to be properly treated for his physical ailments and a non-partial specialist would agree that White has not been given adequate medical attention to provide a proper treatment plan; White has a lump on his spine that was not present in 2006 that has increased his pain and issues that negatively impact his movement in everyday activity when

compared to 2006 and he has no say in seeking adequate medical care; even a layperson would understand the need for a referral to a specialist and a treatment plan by a specialist (as White had prior to his incarceration); White served nearly a year before any restrictions were placed on his physical activities; White has yet to receive an adequate evaluation and examination by a specialist in the course of seeking medical care while incarcerated from November 19, 2009, to present; and White has a serious spinal condition which warrants medical care and up to date imaging due to his worsening symptoms.

**Eighth Amendment Claim**

In order to set forth a claim under the Eighth Amendment to the United States Constitution, White must allege nonconclusory facts that demonstrate more than a mere disagreement about treatment methods. The Supreme Court has established that an Eighth Amendment claim of "cruel and unusual punishment" based on medical mistreatment requires more than "an inadvertent failure to provide adequate medical care" and must involve "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "There is an objective and subjective component to the deliberate indifference inquiry. A plaintiff must establish: (1) that he suffered from an objectively serious medical need; and (2) that a prison official was subjectively aware of, yet failed to attend to, this objectively serious medical need." Parlin v. Cumberland Cnty., 659 F.Supp.2d 201, 208 (D.Me. 2009) (citing Farmer v. Brennan, 511 U.S. 825 (1994)). "'Deliberate indifference' is a state-of-mind requirement that goes beyond negligence." Id. (citing Estelle, 429 U.S. at 106).

### *CMS employees Kenneth Topel and Dr. Shubert*

White's main complaint against Defendants Topel and Shubert is that they refused to allow him to see a specialist and to obtain an up to date MRI. His assertion that they provided constitutionally inadequate medical care is premised on minimal allegations, some of which are entirely conclusory such as his assertion that Topel treated White unethically and with stereotypical bias when he sought care.

White has attached two documents that provide some indication of the assessment and treatment he did receive while at the MCC. First he includes a copy of the First Level response to his grievance by Captain Brian Libby. Therein Libby summarizes the dates and reasons for White's medical attention to his back and shoulder as summarized by Topel after review of White's records:

> 2-25-10 - Transferred from MCC to Downeast Correctional Facility.
> 3-22-10 - Seen by NP, medication ordered.
> 5-3-10 - Seen by NP, medication changed and ordered.
> 5-17-10 - Seen by NP, medication changed and ordered. Physical therapy consult ordered.
> 6-11-10 - Physical Therapy (PT) evaluation and treatment at off-site provider.
> 6-18-10 - Seen by RMD, medication changed and ordered. Psych referral ordered.
> 7-9-10 - Seen by nursing at the request of Security after patient was involved in a fight.
> 7-15-10 - Transferred from Downeast Correctional Facility to MCC.
> 7-28-10 - Seen by Psych NP.
> 8-12-10 - Seen by Psych NP.
> 9-7-10 - Seen by psychiatrist.

(Doc. No. 1-8 at 1-2.) Libby's response goes on:

> Dr. Campbell has reviewed all your past medical records. He notes that you failed attempts in resolving all modalities after an MRI in 2006 with nonsteroidal anti-inflammatory drugs, Lidocaine patches, Elavil and electronic muscle stimulation. In addition, your MRI showed no nerve impingement.
>
> Your latest psychological evaluation shows normal levels in all neurological and motor/sensory testing. In regards to your chronic lumber pain, no radiopathy was

identified. He advocates you see a psychiatrist for what appears to be depression.
Dr. Campbell has recommended you try Cymbalta for depression and pain.

In Health Service Administrator Ken Topel's opinion, the medical health care
staff have assured a continuity of care. He also affirms that medical services have
been provided in accordance with your individualized medical treatment plan and
revised if necessary. You have been provided a variety of medications, been seen
by nursing, nurse practitioners, and the Regional Medical Director. It is the
policy of the MDOC that all prisoners have access to specialty services as ordered
by a physician, physician assistant or nurse practitioner but only if approved by
the facility medical director. There have been no recommendations for you to see
a specialist at this time.

It is well documented that the medical staff are working with you and making
efforts to address your problems. I recommend you continue to work with the
medical staff.

(Id.)

Chief Administrative Officer Scott Burnheimer wrote the following Level II response to White's grievance:

I have reviewed the information contained in your grievance.... I have also asked
for an updated status from the medical department. I understand that our new
medical director, Dr. Shubert, saw you on 11.1.10 and new medications were
ordered after that visit. You are to see him again in about six weeks.

Progress notes state from that visit "…Pain management strategies discussed at
length. Narcotics not an option for this inmate at this time. We will begin
physical therapy, instructions given for stretching and strengthening of lower
back. Will consider serum injection of shoulder …"

It appears that an appropriate plan is in place. The resolve of back pain is not an
exact science and often takes several tries to be successful. I ask that you keep the
medical department and the doctor through Mr. Topel apprised of your status.

(Doc. No. 1-11 at 1.)

White does not dispute that he received this medical attention; what he wants is to see an outside specialist and have a new MRI. There are no nonconclusory allegations that the CMS staff were deliberately indifferent to White's medical complaints. These are just the type of treatment disputes that do not support an Eighth Amendment cruel and unusual punishment

5

claim. At best White has alleged a state claim of medical malpractice or negligence. See Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 162 (1st Cir. 2006).

### *Brian Libby and Jim Howard*

Brian Libby is a captain and a grievance officer employed by MCC. The only allegation of the complaint as it relates to Libby is that Topel gave Libby incomplete information about White's course of treatment prior to February 25, 2010.[1] White describes Howard as the deputy superintendent of programs employed by MCC prior to the summer of 2011. However, there is not a single complaint allegation pertaining to Howard. I could find no reference to Howard in White's multiple attachments to the complaint. These defendants are entitled to dismissal for failure to state a claim.

### *Scott Burnheimer and CMS*

First, with regards to Defendants Burnheimer and CMS, if the Court agrees that White has failed to state a claim against the individual defendants these defendants cannot be held liable because there must be an underlying constitutional violation to proceed with supervisory or municipal liability claims. See Wilson v. Town of Mendon, 294 F.3d 1, 6 -7 (1st Cir. 2002).

On the facts as alleged, Scott Burnheimer, the superintendent of MCC, can only be liable for his own constitutional violations and not for those of his employees. Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "It is axiomatic that the doctrine of respondeat superior does not apply to claims under Section 1983." Gaudrault v. Salem, 923 F.2d 203, 209 (1st Cir. 1990); see also Iqbal, 129 S.Ct. at 1948. The only basis for

---

[1] Libby also did a comprehensive response to White's grievance listing the dates and reason that medical staff had seen White from March 22, 2010, through September 7, 2010. (Doc. No. 1-8 at 1-2.) The grievance in question was filed in September.

Burnheimer's potential liability is that he denied White's grievance relating to his requested medical care. However, this, standing alone does not equate to a constitutional violation on Burnheimer's part. See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("We agree with the reasoning in our previous unpublished decisions that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983. ... Because Gallagher's only allegations involving these defendants relate to the denial of his grievances, he has not adequately alleged any factual basis to support an "affirmative link" between these defendants and any alleged constitutional violation.")(internal citations omitted); accord Marino v. Commissioner, 1:08-cv-00326 –GZS, 2010 WL 2732008, 8 (D. Me. June 30, 2010) (recommended decision).

This rationale regarding respondeat superior has been extended to the liability of private medical providers at state institutions in relationship to the alleged constitutional violations of their employees/supervisees. Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 502 (1st Cir. 2011). White's allegations do not implicate any wrongful acts by CMS, either by way of policy or customs or by direct action on the part of the corporation. His allegations focus on the individual treatment decisions of Defendants Shubert and Topel. Those allegations, as previously discussed, do not rise to the level of a constitutional violation, but, at best, demonstrate White's disagreement with the providers regarding the treatment modalities provided to him during the time he was incarcerated at the Maine Correctional Center.

**Conclusion**

Based upon the foregoing, I recommend that the complaint be dismissed for failure to state a claim against any of the named defendants.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 8, 2011